Michael R. Crosner (Bar No. 41299)
mike@crosnerlegal.com
Zachary M. Crosner (Bar No. 272295)
Zach@crosnerlegal.com
Blake Jones (Bar No. 211221)
Blake@crosnerlegal.com
Brittany Armstrong (Bar No. 268260)
brittany@crosnerlegal.com
Kim L. Anglin (Bar No. 218749)
kim@crosnerlegal.com
**CROSNER LEGAL, P.C.**
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA 90201
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff,
ERIK RUDOLPH,

## UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ERIK RUDOLPH, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>HERC RENTALS, INC., a Delaware Corporation; and DOES 1-50, Inclusive,<br><br>    Defendants. | CASE NO. 2:20-cv-05412 ODW (Ex)<br><br>FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT FOR VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE SECTIONS 2698, *et seq.*<br><br>JURY TRIAL DEMANDED<br><br>Complaint Filed: April 15, 2020 Trial Date: November 23, 2021 District Judge: Hon. Otis D. Wright, II Magistrate Judge: Hon. Charles F. Eick |

Plaintiff, ERIK RUDOLPH ("Plaintiff"), on behalf of himself and all others similarly situated, hereby file this First Amended Complaint against Defendant HERC RENTALS, INC., a Delaware Corporation, and DOES 1 to 50 (collectively referred to herein as "Defendant"). Plaintiff is informed and believe and thereon alleges as follows:

## **THE PARTIES**

1. Plaintiff ERIK RUDOLPH is an individual residing in the State of California.

2. Defendant HERC RENTALS, INC. ("HERC") is a Delaware corporation Authorized to do business within the State of California and is doing business in the State of California.

3. At all relevant times, Defendants was and is legally responsible for all of the unlawful conduct, policies, practices, acts and omissions complained of herein. Further, Defendant is responsible for each of the unlawful acts or omissions complained of herein under the doctrine of respondent superior. The conduct of Defendant's managers and supervisors was at all relevant times undertaken as employees of Defendant, acting within the scope of their employment or authority in all of the unlawful activities described herein.

4. Plaintiff is unaware of the names and capacities of those defendants sued as

2

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

DOES 1 through 50 but will amend this complaint when that information becomes

known.  Plaintiff is informed and believes and thereon alleges that, at all relevant

times, each of the defendants, including the DOE defendants, was the officer,

director, employee, agent, representative, alter ego, or co-conspirator of each of the

other defendants, and in engaging in the conduct alleged herein, was acting in the

course and scope of, and in furtherance of, such relationship.  Unless otherwise

specified, Plaintiff will refer to all defendants as "Defendant," and each allegation

pertains to each defendant.

5.  This court possesses original subject matter jurisdiction over this matter.

Venue is proper in Los Angeles County under CCP Section 395, subdivision (a),

because Defendants, and each of them, are nonresident defendants, with no

designated principal place of business in California, thus allowing Plaintiff,

pursuant to CCP Section 395, subdivision (a), to designate a county for venue.

**CLASS ACTION ALLEGATIONS**

6.  Plaintiff was employed by HERC from February 25, 2019 until on or about

October 21, 2019 as a non-exempt driver delivering rental equipment throughout

the greater Sacramento area.  Plaintiff brings this action as a class action under

Code of Civil Procedure section 382.  The class Plaintiff seeks to represent is

defined as follows: "All individuals employed by Defendant as a non-exempt

3

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

employee in California at any time within the four years prior to the filing of the initial complaint."

7. <u>Ascertainable Class.</u>  The proposed class is ascertainable in that its members can be identified and located using information contained in Defendant's payroll and personnel records.

8. <u>Common Questions of Law and Fact.</u>  This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether Defendant properly calculated and paid all amounts due to the class members for wages earned, including minimum and overtime, under California and federal law; (2) whether Defendant violated the California Labor Code and/or IWC Wage Orders, by withholding wages, including minimum, overtime and reporting time wages, from the class members; (3) whether Defendant provided Plaintiff and the class members with all required meal and rest breaks, or compensation in lieu thereof, under California law; (4) whether Defendant provided the class members with proper, itemized wage statements; (5) whether Defendant timely paid the class members all wages due upon termination of employment; (6) whether Defendant's failure to timely pay all wages due upon termination of employment was willful; and (7) whether Defendant violated

4

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

California Business and Professions Code sections 17200, et seq.

9.  Numerosity.  The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class members is unknown to Plaintiff. Plaintiff is informed and believes the class consists of at least 100 individuals.

10.  Typicality.  Plaintiff's claims are typical of the claims of the class members.  Plaintiff suffered a similar injury as the other class members as a result of Defendant's common practices regarding, inter alia, calculation and payment of wages, failure to provide meal and rest periods or proper compensation in lieu thereof, failure to provide all due minimum and overtime wages, failure to provide accurate, itemized wage statements, and payment of wages due upon termination. In addition, Plaintiff will fairly and adequately protect the interests of the class members.  Plaintiff has no interests adverse to the interests of the other class members.

11.  Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore,

5

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT

**CASE NO. 2:20-CV-05412 ODW (EX)**

as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments. Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

## **FACTUAL ALLEGATIONS**

12. During the four-year period preceding filing of this complaint, Plaintiff and each of the Class Members were employed by Defendants in the State of California as non-exempt, hourly-paid workers. Defendants at all times exercised control over Plaintiff and each of the Class Members, and suffered and/or permitted them to work.

13. Plaintiff was employed by Defendant as a non-exempt, hourly-paid, driver delivering rental equipment from on or about February 25, 2019 to October 21, 2019. Plaintiff typically worked shifts over ten hours, with most shifts in excess of twelve hours.

6

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

14.  Defendant did not compensate Plaintiff for all hours worked by virtue of, among other things, required to perform off-the-clock work by virtue of Defendant's time-shaving/time-rounding policy. Defendant maintained and continues to maintain a policy and practice of time-shaving/time-rounding requiring its employees, including Plaintiff, to "round" the start and stop times of his hours worked and/or only input his scheduled start and stop times, rather than actual hours worked. For example, in the pay period of 5/24/2019 to 5/30/2019, Plaintiff's wage statement reflects that he was paid for 24 regular hours of work, and 4.1 hours of overtime. However, Plaintiff alleges that in actuality he worked nearly approximately 38 hours during the pay period, but was significantly undercompensated as a result of Defendant's time-shaving/time-rounding policy and practice. As shown, Defendant's time-shaving/time-rounding policies and practices as applied worked to detrimentally shave and round time off from Plaintiff's workdays. Plaintiff alleges on information and belief that through the operation of Defendant's time-shaving/time-rounding system, Plaintiff would systematically be deprived of compensable time because the time-recording system implemented by Defendant would almost always, if not always, understate actual compensable work time. Upon information and belief, Defendant had actual or constructive knowledge that its time reporting/ time-rounding policy resulted in

7

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

underpaying Plaintiff the wages he was owed. This time-shaving system,

implemented by and through Defendant, resulted in record-keeping violations as

well as violations of California's minimum and overtime wage laws.  Additionally,

Defendants required Plaintiffs to clock out thirty minutes per shift despite having

actual and/or constructive knowledge that Plaintiffs did not receive compliant,

uninterrupted, off-duty meal periods, resulting in underpayment of minimum

wages and overtime pay.

15.  Defendant further violated California's overtime wage laws by failing to

incorporate all forms of non-discretionary remuneration into the regular pay rate

for purposes of calculating the owed overtime rate.  For example, there were pay

periods during which Plaintiff received non-discretionary remunerations such as

"TobCredi," "IEL," however the overtime rate for those pay periods did not

incorporate those non-discretionary remunerations into the regular pay rate for

purposes of calculating the owed overtime rate as required by law. For example, in

the same pay period of 5/24/2019 to 5/30/2019, Plaintiff was compensated his

overtime at a rate of $39.75 per hour, which is precisely 1.5 times his regular rate

of pay of $26.50 per hour. During this same pay period, Plaintiff alleges that he

was compensated non-discretionary remunerations, including TobCredi of $2.88

and IEL of .17, which were not incorporated into the regular rate of pay for

8

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

purposes of calculating the overtime rate of pay.

16.  Additionally, Defendant at times paid Plaintiff multiple rates of pay in one pay period for the same kind of work, but failed to average the rates of pay when calculating overtime. Under California law, "[w]here two rates of pay are paid during a workweek, the California method for determining the regular rate of pay for calculating overtime in that workweek mirrors the federal method, based upon the weighted average of all hourly rates paid." DLSE Manual 49.2.5 (citing 29 CFR § 778.115). This "weighted average" method provides, "[w]here an employee in a single workweek works at two or more different types of work for which different non-overtime rates of pay (of not less than the applicable minimum wage) have been established, their regular rate for that week is the weighted average of such rates. That is, the total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs. . ." 29 CFR § 778.115. Employer's failure to average the rates of pay when calculating overtime resulted in underpaid overtime at times, as well as inaccurate and incomplete wage statements. For example, in the pay period of 6/14/2019 to 6/20/2019, Plaintiff was compensated with two rates of pay, his regular rate of $26.50 per hour and a second rate of pay for "OETBL" at $53.04 per hour. However, the 11.07 hours of

9

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

overtime worked were paid at rate of $39.75 per hour, which is precisely 1.5 times

his regular rate of pay of $26.50 per hour, and thus failed to incorporate the .25

hours of OETBL at $53.04 when calculating the overtime rate of pay for this pay

period.

17.  Plaintiff was not always provided proper meal periods during his

employment.  Plaintiff was often forced to take late meal periods due to his

workload/commentary from supervisors pressuring Plaintiff to take late or

otherwise improper meal periods. Plaintiff was pressured by his supervisors to not

make any stops while driving his routes and was at times told to eat any meals

while driving, in order to ensure that deliveries were made timely. Plaintiff was

also required to monitor dispatch and/or cell phones during his meal periods,

rendering these meal periods to be on-duty. Plaintiff did not execute to a written

on-duty meal period waiver agreement. Plaintiff did not receive premium pay for

these interrupted, cut short, missed, late and/or on-duty meal periods. Additionally,

Plaintiff was never provided with a second meal period when working shifts in

excess of ten and/or twelve hours, and was never compensated a meal premium in

lieu of these meal periods. For example, in the pay period of 6/14/2019 to

6/20/2019, Plaintiff worked approximately two shifts in excess of 12 hours, and

two additional shifts in excess of 10 hours, without being provided any second

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
CASE NO. 2:20-CV-05412 ODW (EX)

meal periods, and did not receive a meal period premium for these missed second

meal periods. In fact, Plaintiff never once received a second meal period in any

shifts, and was never paid a second meal period premium.

18.  Defendant also failed to pay Plaintiff an additional hour of wages at his

rate of pay for each workday a meal period was not provided and/or any meal

period premium paid was improper due to Defendant's failure to incorporate all

non-discretionary remuneration and rates of pay into the regular pay rate for

purposes of calculating the owed premium. For example, in the pay period of

6/14/2019 to 6/20/2019, Defendant compensated Plaintiff one meal break premium

at his regular rage of pay of $26.50. This premium rate of pay failed to incorporate

all non-discretionary remunerations and additional rates of pay/shift differentials,

including a TobiCred in an amount of $2.88, an IEL in an amount of .17, and a

OTDBL of .25 hours at a rate of $53.04.

19.  Plaintiff did not receive compliant, timely 10 (ten)- minute rest periods every

four (4) hours or major fraction thereof.  Plaintiff was typically required to work

through his rest periods or any purported rest periods would be on-

duty/interrupted/cut short due to the nature and constraints of his job duties and

commentary from supervisors to take late/shorter breaks than they were entitled to

or no breaks at all.  Plaintiff was also forced to remain on duty throughout the

11

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

duration of his shifts, including during any purported rest periods, as Defendant required Plaintiffs to always monitor his cell phones for purposes of communicating with dispatch.  Management pressured Plaintiff to stay on their assigned routes and insisted Plaintiffs not take rest periods.  Also, Defendant did not authorize or permit Plaintiff to take a third rest period in shifts in excess of 10 hours. Plaintiff was not paid rest period premiums for these missed/improper rest periods.  For example, in the pay period of 6/14/2019 to 6/20/2019, Plaintiff worked approximately 4 shifts in excess of 10 hours and alleges he did not receive any third rest periods, nor did he receive rest period premium pay in lieu of these missed rest periods.

20.  Defendant failed to provide notice of the correct sick leave amount balance left for Plaintiff, and thus affecting his intelligent exercise of their paid sick leave. For example, Defendant failed to incorporate non-discretionary remunerations rates of pay and/or shift differentials, such as, but not limited to, "TobiCredi," "IEL," and "OTBDL," into the sick leave pay amount. But for this failure, Plaintiff would have used his paid sick leave at least prior to his respective separation, for as on several occasions thereafter, he would have been entitled to use the banked sick leave and earn appropriate compensation. This illegal retention of paid sick leave is unlawful and Plaintiff seeks all forms of injunctive relief, restitution, and

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT

**CASE NO. 2:20-CV-05412 ODW (EX)**

declaratory relief as permitted by California law.

21.  Defendant failed to furnish Plaintiff with complete and accurate wage statements in compliance with Labor Code section 226.  Among other things, Plaintiff's wage statements did not accurately reflect, the total gross and net wages earned, including, all earned minimum and overtime wages; all owed sick leave pay; and all owed meal and rest period premiums for the pay period. Also, Defendant's wage statements did not accurately reflect all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

22.  Plaintiff's employment with Defendant ended on or about October 21, 2019, yet Defendant did not provide Plaintiff with his final paycheck until the next regular pay date on October 24, 2019 such that Plaintiff's final payroll check was not timely provided to Plaintiff.  Moreover, Plaintiff's final paycheck, once provided, did not include all remuneration owed to him, including, all earned minimum and overtime wages; all owed sick leave pay, and all owed meal and rest period premiums.

**FIRST CAUSE OF ACTION**
**Unpaid Minimum Wages and Liquidated Damages -- Labor Code §§ 1194 and 1194.2**
**(Against All Defendants)**

23.  Plaintiff incorporates by reference all preceding paragraphs as if fully

13

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
CASE NO. 2:20-CV-05412 ODW (EX)

alleged herein.

24.  California law provides employees in California must be paid for all hours worked, up to forty (40) per week or eight (8) per day, at a regular rate no less than the mandated minimum wage. Plaintiff and the class members regularly worked time for which Defendant did not compensate them at a rate at no less than the applicable minimum wage. Specifically, Defendant failed to compensate Plaintiff and the class members for all hours worked by, among other things, using a rounding system that, as applied, worked to detrimentally shave and round time from Plaintiff and class members' workdays. Plaintiff alleges on information and belief that through the operation of Defendant's rounding system, Plaintiff and class members would systematically be deprived of compensable hours worked because the time recording system implemented by Defendant would almost always, if not always, understate actual compensable hours worked due to the rounding. The time shaving, implemented by and through Defendant's unlawful rounding policies and/or procedures, resulted in violations of California's minimum wage laws.

25.  Plaintiff and the class members were also forced to work through uncompensated meal periods, and Defendant did not pay proper premiums for these missed meal periods.  As a result, Defendant failed to pay Plaintiff and the

14

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

class members for all hours worked at a rate no less than the applicable minimum wage.

26.  Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the class members are entitled to recover all unpaid wages and liquidated damages, plus attorney's fees and costs, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Unpaid Overtime – Labor Code § 1194
### (Against All Defendants)

27.  Plaintiff incorporates by reference all preceding paragraphs as if fully alleged herein.

28.  Employees in California must be paid overtime, equal to one and a half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week or eight (8) per workday, and be paid double time, equal to two (2) times the employee's regular rate of pay, for all hours worked in excess of twelve (12) per workday, unless they are exempt. Plaintiff and the class members, who were non-exempt employees, regularly worked more than forty (40) hours per week, eight (8) hours per workday, and/or more than twelve (12) hours per workday, and/or in excess of seven (7) consecutive days, but were not paid all overtime wages and double time wages due and owing under California law.

29.  Defendant violated California's overtime laws by, among other things, failing

15

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

to correctly calculate, the total number of hours worked by Plaintiff and the class

members, and not paying proper overtime rates for all overtime hours worked.

30.  Defendant failed to compensate Plaintiff and the class members for all hours

worked, including overtime hours, by among other things using a rounding system

that, as applied, worked to detrimentally shave and round time from Plaintiff and

class members' workdays. Plaintiff alleges on information and belief that through

the operation of Defendant's rounding system, Plaintiff and class members would

systematically be deprived of compensable overtime because the time recording

system implemented by Defendant would almost always, if not always, understate

actual compensable hours worked, including overtime hours, due to the rounding.

The time shaving, implemented by and through Defendant's unlawful rounding

policies and/or procedures, resulted in violations of California's overtime wage

laws.

31. Furthermore, Defendant failed to incorporate all non-discretionary

remuneration into the regular pay rate for purposes of calculating the proper owed

overtime rate, thereby denying Plaintiff and the class members of all due overtime

wages. Additionally, Defendant at times paid Plaintiff multiple rates of pay in one

pay period for the same kind of work, but failed to average the rates of pay when

calculating overtime. Under California law, "[w]here two rates of pay are paid

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

during a workweek, the California method for determining the regular rate of pay

for calculating overtime in that workweek mirrors the federal method, based upon

the weighted average of all hourly rates paid." DLSE Manual 49.2.5 (citing 29

CFR § 778.115). This "weighted average" method provides, "[w]here an employee

in a single workweek works at two or more different types of work for which

different non-overtime rates of pay (of not less than the applicable minimum wage)

have been established, their regular rate for that week is the weighted average of

such rates. That is, the total earnings (except statutory exclusions) are computed to

include his compensation during the workweek from all such rates, and are then

divided by the total number of hours worked at all jobs. . ." 29 CFR § 778.115.

Employer's failure to average the rates of pay when calculating overtime resulted

in underpaid overtime at times, as well as inaccurate and incomplete wage

statements.

32.  Pursuant to Labor Code section 1194, Plaintiff and the class members are

entitled to recover all unpaid overtime and double time wages, plus attorney's fees

and costs, in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof –**
**Labor Code §§ 226.7 & 512**
**(Against All Defendants)**

33.  Plaintiff incorporates by reference all preceding paragraphs as if fully alleged

17
FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

herein.

34.   Under the Labor Code and IWC Wage Orders, Defendants were required to provide Plaintiff and the class members with one thirty (30) minute meal break free from all duties for all shifts longer than five (5) hours, and a second (30) minute meal break free from all duties for all shifts longer than ten (10) hours.  Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five (5) hours, and (2) to record having done so. If the employer fails to properly record a valid meal period, it is presumed no meal period was provided.

35.   Plaintiff and the class members regularly worked periods of more than five (5) hours in a workday without being provided a mandatory thirty (30) minute, duty-free meal period, and regularly worked periods of more than ten (10) hours in a workday without being provided a mandatory second thirty (30) minute, duty-

18
FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

free meal period. Plaintiff and the class members were often unable to take proper meal periods. Plaintiff reports he and the class members were unable to take all due meal breaks because of the demands of their jobs and pressure from management to take shorter breaks than they were entitled to or no breaks at all. Plaintiff and the class members were also required to remain on-duty during their meal periods by and through, *inter alia*, Defendant's policy and practice of requiring them to monitor their cell phones for dispatch at all times. Lastly, Plaintiff and the class members were not provided with all due second meal breaks before the end of their tenth hour and/or twelve hours of work.

36.  Despite not providing Plaintiff and the class members with all the meal breaks to which they were legally entitled; Defendant did not pay all due premiums for these improper and missed meal breaks in violation of California law. Moreover, when Employer did pay meal break premiums, Employer paid those premiums at an improper rate for failure to incorporate all non-discretionary remuneration into the regular pay rate for purposes of calculating the owed premium.

37.  Defendant failed to provide Plaintiff and the class members with all required meal periods, or with proper compensation in lieu thereof.  Under Labor Code section 226.7, Plaintiff and the class members are entitled to one additional hour's

19

**FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT**
**CASE NO. 2:20-CV-05412 ODW (EX)**

compensation for each day a meal break was missed, all in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**Failure to Provide Rest Periods or Compensation in Lieu Thereof -- Labor Code § 226.7**
**(Against All Defendants)**

38.  Plaintiff incorporates by reference all preceding paragraphs as if fully alleged herein.

39.  California law requires an employer to authorize or permit an employee to take a rest period of ten net minutes for every four hours worked, or major fraction thereof, and such rest periods must be in the middle of the four-hour period insofar as practicable. If the employer fails to provide any required rest periods, or fails to provide a fully compliant rest break for a net 10 minutes wherein the employee is fully relieved of all duties and all employer control, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide a legally required and/or fully compliant rest periods.

40.  Defendant failed to provide Plaintiff and the class members all required and/or fully compliant rest periods, or compensation in lieu thereof. Defendant employed policies and procedures that ensured Plaintiff and the class members would not receive all legally required rest periods, as Defendant did not authorize

20

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

and permit all required rest periods in strict accordance to, and in compliance with, the timing requirements of all applicable Wage Orders. Plaintiff and the class members were not provided proper rest breaks because to the extent rest breaks were provided, they were rarely, if ever, duty-free and/or were untimely and/or cut short. Additionally, Defendant maintained a policy and practice requiring Plaintiff and the class members to monitor their cell phones for dispatch during all rest breaks, which in effect caused them to remain on duty during rest periods. Lastly, Plaintiff and the class members were not provided with third rest periods when working shifts in excess of ten hours, nor were they paid one-hour rest period premiums for these missed, late, shortened or on duty rest periods.

### FIFTH CAUSE OF ACTION
**Failure to Provide Paid Sick Time**
**(Against All Defendants)**

41.  Plaintiff incorporates by reference all preceding paragraphs as if fully alleged herein.

42.  California Labor Code section 246(1)(1) provides that paid sick time for non-exempt employees be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in the workweek."

43.  California Labor Code section 246(1)(2) further provides that paid sick time for non-exempt employees be "calculated by dividing the employee's total hours worked in the full pay periods of the prior 90 days of employment

21
FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT

**CASE NO. 2:20-CV-05412 ODW (EX)**

44.  Defendant violated Labor Code section 246 by failing to pay all owed sick leave time.  Based on information and belief, Defendant did not provide Plaintiff and the Class Members with any sick leave pay or Defendant improperly accrued the amount of sick leave pay owed for failure to base the owed sick leave pay on the correct number of hours worked and for failure to incorporate all non-discretionary remunerations and/or additional rates of pay/shift differentials, such as, but not limited to, "TobiCred," "IEL" and "OETBL" into the calculation of the owed sick pay rate.  Furthermore, Defendant failed to provide notice of the correct sick leave amount balance left for Plaintiff and the Class Members.

## SIXTH CAUSE OF ACTION
**Failure to Provide Accurate Wage Statements – Labor Code § 226**
**(Against All Defendants)**

45.  Plaintiff incorporates by reference all preceding paragraphs as if fully alleged herein.

46.  The California Labor Code provides that, at the time of each payment of wages, the employer must provide each employee with an itemized statement showing, among other things, gross wages earned, total hours worked, all deductions taken, net wages earned, the inclusive dates for which the employee is being paid, the employee's name and last four digits of the employee's social security number, the name and address of the legal entity that is the employer, and

22

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

all applicable hourly rates in effect during the pay period and all hours worked at each rate.

47.   Defendant knowingly and intentionally failed to provide Plaintiff and the class members with proper, itemized wage statements as the wage statements provided do not accurately state, among other things, gross wages earned, total hours worked, net wages earned, all applicable hourly rates in effect during the pay period and all hours worked at each rate. As a result of Defendant's violations of various Labor Code and Wage Order provisions, as alleged above, including but not limited to Defendant's unlawful time-rounding policies and practices, incorrect calculation of Plaintiff and class members' regular rate for purposes of overtime and sick leave pay benefits as well as failure to pay all due meal and rest period premiums, Defendant failed to provide Plaintiff and the class members with accurate wage statements in violation of Labor Code section 226.

48.   Accordingly, under Labor Code section 226, Plaintiff and the class members each are entitled to statutory penalties in the amount of $50.00 for the initial pay period in which a violation occurred, and $100.00 for each subsequent pay period in which a violation occurred, up to an aggregate penalty of $4,000.00, plus attorney's fees and costs, all in an amount to be determined at trial.

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

### SEVENTH CAUSE OF ACTION
**Waiting Time Penalties – Labor Code §§ 201, _et seq._**
**(Against All Defendants)**

49.  Plaintiff incorporates by reference all preceding paragraphs as if fully

alleged herein.

50.  The California Labor Code provides that, at the time of termination of

employment, the employer must pay an employee all wages due and owing within

the time frames set forth in Labor Code sections 201, _et seq._ As a result of

Defendant's violations of various Labor Code and Wage Order provisions, as

alleged above, including but not limited to Defendant's unlawful time-rounding

policies and practices, incorrect calculation of Plaintiff and class members' regular

rate for purposes of overtime and sick leave pay benefits as well as failure to pay

all due meal and rest period premiums, Defendant willfully failed to pay Plaintiff

and the class members who no longer are employed with Defendant all wages due

and owing within the deadlines set forth in Labor Code sections 201, _et seq._

Additionally, Defendant maintained an unlawful policy and practice of

compensating its former employees their final wages on the next regularly

scheduled pay date, rather than on the date their employment ended or otherwise

when statutorily required to compensate final wages, in violation of California law.

Under Labor Code section 203, as a result of Defendant's violations of various

24
FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

Labor Code and California Industrial Wage Orders, Plaintiff and the class

members who no longer are employed with Defendant are entitled to recover

waiting time penalties of up to thirty (30) days' pay, plus attorney's fees and costs,

in an amount to be determined at trial.

## **EIGHTH CAUSE OF ACTION**
### **Violation of Unfair Competition Law – Bus. & Prof. Code §§ 17200, *et seq*.**
### **(Against All Defendants)**

51.  Plaintiff incorporates by reference all preceding paragraphs as if fully

alleged herein.

52.  Defendant's failure, inter alia, to pay all minimum and overtime wages, sick

day pay at the proper rate and all owed meal and rest period premiums earned in

violation of the Labor Code and Wage Orders constitutes an unlawful, unfair or

fraudulent business act or practice, in violation of Business & Professions Code

sections 17200, et seq.

53.  Under Business & Professions Code section 17203, Plaintiff and the class

class members are entitled to restitution of all amounts wrongfully withheld by

Defendant, plus attorney's fees and costs, in amount to be determined at trial.

## **NINTH CAUSE OF ACTION**
### **Violation of the Private Attorneys General Act, Labor Code §§ 2698, *et seq*.**
### **(Against All Defendants)**

54.  Plaintiff incorporates by reference all preceding paragraphs as if fully

25

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

alleged herein.

55.  During the period beginning one-year period preceding the provision of notice to the California Labor and Workforce Development Agency ("LWDA"), Defendant violated Labor Code sections 201-203, 204, 216, 218.5, 221-223, 224, 225.5, 226, 226.2, 226.6, 226.7, 226.8, 245-248, 256, 510, 512, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2751, 2810.5, and all applicable Wage Orders. These violations subject Defendant to civil penalties as set forth in the foregoing statutes as well as Labor Code section 2699.

56.  Plaintiff complied with the procedures for bringing suit specified in Labor Code sections 2699.3 and 2699.5. by letter dated November 21, 2019. Plaintiff gave written notice to the LWDA via electronic mail at PAGAfilings@dir.ca.gov, and via certified mail to all Defendants, of the specific provisions of the Labor Code and Wage Orders allegedly violated, including the facts and theories to support the alleged violations.

57.  Under Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties it intends to investigate the alleged violations within 65 days of the date of the Plaintiff's written notice. As of the filing of this complaint, the LWDA has not provided the parties any notice of its intention to investigate Plaintiff's claims on behalf of himself and other aggrieved

26

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT

employees. Under Labor Code section 2699.3, an employer has 33 days after the date of written notice to cure the alleged violations. As of the filing of this complaint, Defendant has not responded to Plaintiff's PAGA notice in an attempt to cure. As alleged herein, Defendant violated Labor Code sections 201-203, 204, 216, 218.5, 221-223, 224, 225.5, 226, 226.2, 226.6, 226.7, 226.8, 245-248, 256, 510, 512, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2810.5, and all applicable Wage Orders. These violations subject Defendant to civil penalties as set forth in the foregoing statutes, which Plaintiff seeks on his behalf and on behalf of other aggrieved employees. Plaintiff seeks civil penalties in the amounts set forth in each statute allegedly violated or, for all statutes that lack a specified penalty, Plaintiff seeks default penalties as provided by Labor Code section 2699.

58. Under Labor Code section 2699(g), Plaintiff is entitled to an award of reasonable attorney's fees and costs in connection with his claims for civil penalties.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1. For compensatory damages according to proof;

27

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

2.  For an order that Defendant make restitution of all amounts wrongfully withheld from Plaintiff and the class;

3.  For civil penalties according to proof;

4.  For pre-judgment interest as permitted by law;

5.  For reasonable attorney's fees and costs of suit; and

6.  For such other and further relief as the Court deems just and proper.

Dated:  February 22, 2021                    CROSNER LEGAL, P.C.

                                         s/Brittany Armstrong
_____
Blake Jones
Zachary Crosner
Michael Crosner
Brittany Armstrong
Kim L. Anglin
Attorneys for Plaintiff ERIK RUDOLPH

28

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT
**CASE NO. 2:20-CV-05412 ODW (EX)**

## **DEMAND FOR JURY TRIAL**

Plaintiff ERIK RUDOLPH demands a trial by jury on all claims so triable.


Dated:  February 22, 2021          CROSNER LEGAL, P.C.


                                   s/Brittany Armstrong
                                   Blake Jones
                                   Zachary Crosner
                                   Michael Crosner
                                   Brittany Armstrong
                                   Kim L. Anglin
                                   Attorneys for Plaintiff ERIK RUDOLPH

29

FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT

1
2

PROOF OF SERVICE
*ERIK RUDOLPH vs. HERC RENTALS, INC.*
*CENTRAL DISTRICT OF CALIFORNIA Case No.  2:20-CV-05412 ODW*

3
4

    At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210.

5
6

    On March 3, 2021, I served true copies of the following document(s) described as

7
8
9

**FIRST AMENDED CLASS ACTION AND REPRESENTATIVE COMPLAINT FOR VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE SECTIONS 2698, et seq. JURY TRIAL DEMANDED**
on the interested parties in this action as follows:

10

SEE ATTACHED SERVICE LIST

11
12
13
14

☒    By CM/ECF: I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

15
16

☒    BY (Federal) I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the above is true and correct.

17

Executed on March 3, 2021, at Los Angeles, California.

18
19

_____
Maria Monterrey

20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**
CASE: 5:20-CV-00509 JGB (KKX)

1    SERVICE LIST
     *ERIK RUDOLPH vs. HERC RENTALS, INC.*
2    *CENTRAL DISTRICT OF CALIFORNIA Case No.  2:20-CV-05412 ODW*

3                                                    Attorneys for Defendant
4    Hanna B. Raanan                                 HERC RENTALS, INC.
     Mitchell A Wrosch
5    **OGLETREE, DEAKINS, NASH, SMOAK &**
     **STEWART, P.C.**
6    Park Tower, Fifteenth Floor
     695 Town Center Drive
7    Costa Mesa, CA 92626
     Telephone: 714-800-7900
8    Facsimile: 714-754-1298
9    hanna.raanan@ogletree.com
     mitchell.wrosch@ogletreedeakins.com
10

11

12

13

14

15

16

17

18                                    .

19

20

21

22

23

24

25

26

27

28
     **PROOF OF SERVICE**
     CASE: 5:20-CV-00509 JGB (KKX)