1
2
3
4
5
6
7

**O**

# United States District Court
# Central District of California

| | |
|---|---|
| ERIK RUDOLPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HERC RENTALS, INC.,<br><br>Defendant. | Case № 2:20-cv-05412-ODW (Ex)<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [48]** |

## I.    INTRODUCTION

Plaintiff Erik Rudolph initiated this wage-and-hour action individually and representatively under the California Labor Code and the Private Attorneys General Act ("PAGA") against Defendant Herc Rentals, Inc.   (Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.)   On September 21, 2021, after granting Defendant's Motion to Dismiss certain claims in Plaintiff's First Amended Complaint ("FAC"), Plaintiff filed the operative Second Amended Complaint ("SAC").   (SAC, ECF No. 40.)   Defendant now moves for partial dismissal of the SAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).   (Mot. Dismiss ("Mot."), ECF No. 48.) The matter is fully briefed.   (Opp'n, ECF No. 54; Reply, ECF No. 55.)   For the

reasons discussed below, the Court **GRANTS** Defendant's Motion.[1]

## II.      BACKGROUND

For purposes of this Rule 12(b)(6) Motion, the Court accepts Rudolph's well-pleaded allegations as true. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). From February 25, 2019, to October 21, 2019, Rudolph worked for Herc Rentals as a non-exempt hourly-wage delivery driver. (SAC ¶¶ 12–13.) Rudolph alleges that during his employment, Herc Rentals violated several provisions of the California Labor Code in calculating and paying Rudolph's wages. First, in recording the hours Rudolph worked, Herc Rentals rounded Rudolph's start and stop times such that Rudolph was ultimately paid for fewer hours than he actually worked. (*Id.* ¶ 14.) Second, Herc Rentals erred in calculating Rudolph's overtime pay rate by failing to include Rudolph's non-discretionary bonuses in calculating Rudolph's regular rate of pay, and also by generally failing to properly calculate the regular rate of pay as the weighted average of Rudolph's pay rates across a given pay period. (*Id.* ¶¶ 15–16.)

Herc Rentals also failed to provide Rudolph with his statutorily mandated meal and rest breaks, forcing him to work through his breaks and failing to provide him with the required premium pay. (*Id.* ¶¶ 17, 19.) When Herc Rentals did pay meal break premiums, those premiums were underpaid due to the same regular rate of pay errors mentioned previously. (*Id.* ¶ 18.) Rudolph also worked more than ten hours during some shifts, and during those shifts Herc Rentals never gave him the second rest break to which he was entitled. (*Id.* ¶ 19.) Furthermore, Herc Rentals failed to provide Rudolph with complete and accurate wage statements. (*Id.*)

Based on these allegations, Rudolph asserts claims for (1) unpaid minimum wages; (2) unpaid overtime; (3) failure to provide meal periods or meal period premiums; (4) failure to provide rest periods or rest period premiums; (5) failure to

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

provide accurate wage statements; (6) waiting time penalties; and (7) violation of the California Unfair Competition Law ("UCL").  (*Id.* ¶¶ 21–49.)  Rudolph asserts his eighth claim in a representative capacity, on behalf of himself and other similarly situated Herc Rentals employees, under PAGA, based on the California Labor Code violations he alleges in his first seven claims.  (*Id.* ¶ 51.)

Herc Rentals now moves to dismiss Rudolph's fifth and seventh claims pursuant to Rule 12(b)(6).  (*See* Mot. 1.)  Herc Rentals also moves for partial dismissal of Rudolph's eighth claim to the extent it is based on the violations asserted in his fifth claim.  (*Id.*)  The Court previously dismissed each of these claims as insufficiently pleaded.  *Rudolph v. Herc Rentals* ("*Rudolph I*"), No. 2:20-cv-05412-ODW (Ex), 2021 WL 5994514, at *6 (C.D. Cal. Aug. 27, 2021).

## III.  LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2) by setting forth a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim must be "plausible on its face" to avoid dismissal).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee*, 250 F.3d at 679.  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("[Leave to amend] is properly denied . . . if amendment would be futile.").

## IV.    DISCUSSION

In comparing the operative SAC to the previous FAC, the Court notes that Rudolph did not introduce any new relevant factual allegations. Instead, Rudolph repackages his prior factual allegations into ostensibly new legal arguments. (*See, e.g.*, SAC ¶¶ 41–43.)

This observation alone supports granting Herc Rentals' Motion in its entirety. The Court's reasons for dismissing the wage statement claim and the UCL claim were correct as a matter of law based on the facts as Rudolph alleged them. If all Rudolph does now is assert new formulations of his legal arguments based on the same prior facts, then Rudolph does no more than ask for a reconsideration of the Court's prior legal determination. As Rudolph does not address the procedural and substantive requirements for reconsideration, the Court will not reconsider the matter, and dismissal is appropriate. *See* C.D. Cal. L.R. 7-18.

Nevertheless, in the interest of completeness, the Court addresses each challenged cause of action and the arguments raised in connection therewith.

**A.     Fifth Claim: Inaccurate Wage Statements**

In dismissing Rudolph's wage statement claim from the FAC, this Court made the following observation, which remains a fair description of Rudolph's fundamental contention regarding Herc Rentals' wage statement violations:

> Rudolph is alleging his wage statements were not "accurate" because his employer paid him less than the amount to which he was entitled under other substantive portions of the Labor Code.  Rudolph's contention is that the discrepancy between the amount he should have been paid and the amount that was listed on the wage statement is actionable under Labor Code section 226.

*Rudolph I*, 2021 WL 5994514, at *4.  But this is not what is meant by California Labor Code section 226's use of the word "accurate."  *Id.*; *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336 (2018); *Parsittie v. Schneider Logistics, Inc.*, No. CV 19-3981-MWF (AFMx), 2020 WL 2120003, at *7 (C.D. Cal. Apr. 3, 2020), *affirmed in part and reversed in part, all on other grounds, by Parsittie v. Schneider Logistics, Inc.*, 859 F. App'x 106 (9th Cir. 2021).  The hourly rates and wages earned on a wage statement are accurate if they reflect what the employee was in fact paid.  Since Rudolph does not allege this type of inaccuracy, he fails to state a claim.  *Rudolph I*, 2021 WL 5994514, at *4; *Krauss v. Wal-Mart, Inc.*, No. 2:19-cv-00838-JAM-DB, 2019 WL 6170770, at *4 (E.D. Cal. Nov. 20, 2019) (dismissing wage statement claim as derivative); *Morales v. Paschen Mgmt. Corp.*, No. CV 19-2505-MWF (GJSx), 2019 WL 6354396, at *9 (C.D. Cal. Sept. 27, 2019) ("California Labor Code section 226 is not intended to permit a 'double recovery' like Plaintiff seeks here.  Plaintiff's claim is based on Defendants' alleged deduction of time for meal breaks Plaintiff did not actually receive, which is entirely duplicative of Plaintiff's previous causes of action."); *Jones v. Spherion Staffing LLC*, No. LA CV11-06462 JAK (JCx), 2012 WL 3264081, at *7 (C.D. Cal. Aug. 7, 2012) ("[T]he

legislative history shows that the purpose of Section 226 was for transparency, not for double recovery." (internal quotation marks removed)); *Taylor v. Sam's West, Inc.*, No. CV 20-5380 DSF (JCx), 2020 WL 12947974, at *4 (C.D. Cal. Oct. 7, 2020) (dismissing wage statement claim due to same double recovery problem); *Pyara v. Sysco Corp.*, No. 2:15-cv-01208-JAM-KJN, 2016 WL 3916339, at *7 (E.D. Cal. July 20, 2016) (same).    Accordingly, dismissal of the wage statement claim is appropriate.

In his Opposition, Rudolph asserts, conclusorily and without further discussion, that his wage statement claim is not derivative.  (Opp'n 4.)  But the SAC belies this claim.  Rudolph alleges that the wage statements are inaccurate because they contain (1) inaccurately calculated overtime pay, and other inaccurate figures calculated thereupon; and (2) inaccuracies owing to Herc Rentals' failure to provide meal and rest breaks or the corresponding pay premium.  (SAC ¶ 41.)  Both of these aspects of the wage statement claim are derivative in that they owe their existence entirely to an underlying substantive wage-and-hour violation, and when that substantive violation is disregarded, no independent wage statement violation remains.    Because the purported wage statement violations would not exist without the substantive violations, Rudolph's wage statement claim is wholly derivative of other substantive claims.  *Krauss*, 2019 WL 6170770, at *4.

The fundamental flaw in Rudolph's wage statement claim can also be described in terms of a lack of a cognizable injury.[2]  An employee suffers cognizable injury giving rise to a claim for inaccurate wage statements when the employee is unable to determine the amount of wages he or she was actually paid from the information on the face of the wage statements.  *Soto v. Motel 6 Operating, L.P.*, 4 Cal. App. 5th 385, 392 (2016); *De La Torre v. Am. Red Cross*, No. CV 13-4302-DDP (JEMx), 2013 WL

---

[2] Case law suggests that the lack of cognizable injury might not, on its own, form a proper basis for dismissal of the PAGA claim.  *See Lopez v. Friant & Associates, LLC* 15 Cal. App. 5th 773, 776 (2017).  However, the wage statement portion of the PAGA claim is deficient for the additional reasons discussed herein.

5573101, at *6 (C.D. Cal. Oct. 9, 2013) (finding no injury under section 226 where plaintiff "simply alleged that the amount she was paid was incorrect" because it did not include bonus payments, but did not allege "that she could not 'promptly and easily determine' from the wage statement the amount of gross wages or net wages actually paid to her during the pay periods at issue" (quoting Cal. Lab. Code § 226(e)(2)(B)); *Sherman v. Schneider Nat'l Carriers, Inc.*, No. CV 18-08609-AB (JCx), 2019 WL 3220585, at *5 (C.D. Cal. Mar. 6, 2019) ("Plaintiff's opposition implicitly concedes that the wage statements accurately stated the wages actually paid. Accordingly, the wage statements do not violate § 226(a) even if the amount paid was incorrect."); *Lyter v. Cambridge Sierra Holdings, LLC*, No. CV 17-3435-MWF (AGRx), 2017 WL 8186044, at *5 (C.D. Cal. July 25, 2017) (reaching the same conclusion).

This conclusion, especially as it relates to wage statement claims based on improper rounding, comports with the analysis in *Maldonado* regarding injury. 22 Cal. App. 5th at 1337. The key observation in *Maldonado* is that "only the absence of the *hours worked* will give rise to an inference of injury; the absence of accurate *wages earned* will be remedied by the violated wage and hour law itself, as is the case here." *Id.* Rudolph argues that he was injured because his wage statement "did not *accurately* reflect Plaintiff's hours worked." (Opp'n 6 (emphasis removed and added).) But the rule from *Maldonado* is that a cognizable injury exists only in the absence of "hours worked"—that is, when there is no "hours worked" figure *at all* on the wage statement—and not when an "hours worked" figure is provided but merely fails to reflect the number of hours the employee in reality worked. Pursuant to this very literal reading of *Maldonado*, in asserting that he received a wage statement that contained a figure inaccurately reflecting the number of hours worked, Rudolph concedes that his wage statements did indeed include a figure stating the number of hours worked. Rudolph does not allege that this figure failed to correspond to the

amount he was in fact paid each pay period.  Accordingly, Rudolph fails to state a claim.

Rudolph argues that a footnote in *Maldonado* changes the result, but the Court rejects this contention.  In footnote 14, the California Court of Appeal points out that the employees, in alleging their wage statement claim, made "no suggestion that the wage statements were inaccurate due to time clock rounding or the fact that the meal period was simply included in 12 hours of paid work, rather than separately itemized." 22 Cal. App. 5th at 1334 n.14.  Rudolph asserts that this footnote implies that, had the employees made such a suggestion in their allegations, the result would have been different in that they would have stated a claim for wage statement violations.  (Opp'n 1.)  But that is not the holding of *Maldonado*, and to the extent footnote 14 does imply this notion, that implication is mere dicta.  *See Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004); *see also People v. Ault*, 33 Cal.4th 1250, 1268 n.10 (2004) ("[C]ases are not authority for propositions not considered therein.").  In any case, the more natural reading of footnote 14 is that the Court of Appeal was simply providing further clarification by demarcating exactly what the employees were and were not alleging as part of their wage statement claim.

Accordingly, the Court **DISMISSES** Rudolph's claim for inaccurate wage statements, this time **WITHOUT LEAVE TO AMEND**.  Rudolph's PAGA claim is likewise partially **DISMISSED WITHOUT LEAVE TO AMEND** to the extent it is based on wage statement violations.

## C.      Seventh Claim: Violation of UCL

Regarding Rudolph's claim for UCL violations, this Court previously observed that, "[f]ollowing *Sonner* [*v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020)], UCL plaintiffs are required, at a minimum, to plead that they lack an adequate remedy at law." *Rudolph I*, 2021 WL 5994514, at *4 (internal quotation marks removed).  The Court also observed that  "district courts in the Ninth Circuit have consistently dismissed UCL claims based entirely on Labor Code wage-and-hour violations," (*id.*),

and cited recent cases as examples, including *Hassell v. Uber Techs., Inc.*, No. 20-cv-04062-PJH, 2021 WL 2531076, at \*22 (N.D. Cal. June 21, 2021); *Alvarado v. Wal-Mart Assocs.*, No. CV 20-1926 DSF (JCx), 2020 WL 6526372, at \*11 (C.D. Cal. Aug. 7, 2020); and *Franckowiak v. Scenario Cockram USA, Inc.*, No. CV 20-8569-JFW (PVCx), 2020 WL 9071697, at \*2 (C.D. Cal. Nov. 30, 2020).  The Court dismissed Rudolph's UCL claim because "Rudolph's California Labor Code [c]laims will, if successful, fully compensate [for his] unpaid wages as damages." *Rudolph I*, 2021 WL 5994514, at \*5.

Rudolph's current UCL claim is deficient for the same reason it was previously deficient.  Rudolph adds no new allegations suggesting that the UCL claim encompasses any remedy not otherwise obtainable under the California Labor Code. In particular, injunctive relief is not available to Rudolph because he no longer works for Herc Rentals and accordingly lacks standing.  *See Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006) (observing that, unless the plaintiff sought reinstatement or otherwise sought work from the employer, a plaintiff who no longer works for an employer lacks standing to pursue an injunction regarding the employer's employment practices).

Rudolph has an adequate remedy at law, and nothing in the SAC suggests otherwise.  Rudolph offers no new facts, and the Court's prior legal determination remains undisturbed.  Thus, the Court **DISMISSES** Rudolph's UCL claim, this time **WITHOUT LEAVE TO AMEND**.

///
///
///
///
///
///
///

9

## V.   CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss is **GRANTED in full**.  (ECF No. 48.)  Plaintiff's wage statement and UCL claims are **DISMISSED WITHOUT LEAVE TO AMEND**.  The portion of Plaintiff's PAGA claim that is based on wage statement violations is likewise **DISMISSED WITHOUT LEAVE TO AMEND**.

Defendant shall answer within **twenty-one (21) days**.


**IT IS SO ORDERED.**


March 11, 2022

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**